# In the United States Court of Federal Claims

No. 22-417C
(Filed: August 29, 2022)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * *

RICHARD PEAMON,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

Illegal exaction; Jurisdiction; Failure to state a claim; Social Security benefits; Garnishment

* * * * * * * * * * * * * * * *

## ORDER

    Richard Peamon, appearing *pro se*, filed his complaint on April 4th, 2022, alleging that the United States wrongfully garnished his disability Social Security payments to offset his Veterans Health Administration ("VHA") debt. For several years, plaintiff received medical care from the VHA, resulting in an unpaid bill from the VHA. In November of 2021, plaintiff's monthly Social Security disability payment was garnished by the government at a rate of 15% per benefit check to cover the VHA debt. Plaintiff alleges that this garnishment was wrongful and that a total of $584.00 has been withheld from his Social Security benefits. He seeks an injunction to prevent further benefit garnishments and asks that his money be returned with "double damages" and interest for a total award of $2500. Compl. 2-3.

    Defendant moved for dismissal of plaintiff's claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The motion is fully briefed. Oral argument is unnecessary. Although we have jurisdiction, plaintiff fails to state a claim upon which relief can be granted. Thus, the complaint must be dismissed.

    Under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences

1

in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (1995)). "The leniency afforded to a pro se litigant . . . does not relieve the burden to meet jurisdictional requirements." *Olajide v. United States*, 124 Fed. Cl. 196, 201 (2015). Under RCFC 12(b)(6), the court must "determine whether plaintiffs have stated claims upon which relief can be granted." A mere "formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007). Rather, "the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Tucker Act jurisdiction in this court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Supreme Court in *United States v. Testan*, 424 U.S. 392 (1976), stated that the Tucker Act "does not create any substantive right enforceable against the United States for money damages." *Id.* at 398. Hence, in order to bring a suit in this court, a plaintiff has to assert a substantive right found in the Constitution, in an act of Congress, or in any regulation of an executive department. *See United States v. Mitchell,* 463 U.S. 206 (1983). Only a provision of the Constitution, statute, or regulation that can "fairly be interpreted as mandating compensation by the Federal Government for the damage sustained" provides a substantive right actionable in this court. *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. V. United States*, 178 Ct. Cl. 599 (1967)).

Defendant argues that plaintiff cannot establish jurisdiction because his claim relates to "the statutory scheme that governs Social Security benefits," which is outside of our jurisdiction.[1] Mot. to Dismiss 4. The government also recognizes, however, that the complaint could be construed to plead an illegal exaction. While it is true that "[t]he United States Court of Federal Claims … does not have jurisdiction over claims arising under the Social Security Act," we have jurisdiction under the Tucker Act to preside

---

[1] Although plaintiff does not cite 31 U.S.C. § 3716 as a source of jurisdiction for his claim, defendant did correctly argue that § 3716 is not a money mandating statute which would have granted this court jurisdiction over plaintiff's claims.

2

over an illegal exaction claim "when the exaction is based on an asserted statutory power." *See Treece v. United* States, 96 Fed. Cl. 226, 230 (2010) (discussing the Court of Federal Claim's lack of jurisdiction over Social Security issues); *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996) (explaining how the Tucker act includes illegal exaction claims); *Addams-More v. United States*, 81 Fed. Cl. 312, 315 (2008) (same).

Although plaintiff does not explicitly assert an exaction theory of liability, given the relative leniency of notice pleading and plaintiff's *pro se* status, we construe the complaint as alleging an illegal exaction and find jurisdiction over it. Nevertheless, plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted.

The government provides two principal grounds for dismissal under rule 12(b)(6). First, defendant cites to the Federal Circuit's decision in *Lummi Tribe v. United States*, 870 F.3d 1313, 1315 (2017), to argue that "a plaintiff can only plead an illegal exaction claim if the government takes property that is already in the plaintiff's possession and control." Mot. to Dismiss 5. Defendant argues that, because plaintiff did not already possess his Social Security benefits before garnishment, he cannot maintain an illegal exaction claim.

Second, defendant also argues, in the alternative, that plaintiff's illegal exaction claim fails as a matter of law because "the lack of a valid, enforceable debt is prerequisite to pleading an illegal exaction." Mot. to Dismiss 6 (citing *Bank One v. United States*, 62 Fed. Cl. 474, 480 (2003); *Lawrence v. United States*, 69 Fed. Cl. 550, 557 (2006); *Kipple v. United States*, 102 Fed. Cl. 773, 777 (2012)). Defendant notes that plaintiff does not allege that the VHA debt is invalid. As such, the government avers that plaintiff's medical debt to the VHA precludes plaintiff from making a valid exaction claim.

We disagree that the holding in *Lummi Tribe* applies in these circumstances. In *Lummi*, plaintiff was the recipient of an annual statutory federal grant intended to assist the tribe's housing infostructure. 870 F.3d at 1315-16. In 2001, the government determined that a miscalculation had resulted in the tribe receiving several million dollars more than it was properly entitled to receive under the act. *Id*. Congress, however, had anticipated this scenario and permitted the government to reclaim overpaid funds by decreasing the tribe's future disbursements until the overpayment was satisfied. *Id*. The tribe challenged the offset against its disbursements under an illegal exaction theory, arguing that it was entitled to the overpaid funds because the tribe's housing statistics deserved more funding than the

3

tribe was originally allotted. *Id*.

The Federal Circuit disagreed, holding that "[a]n illegal exaction claim must be based on property taken from the claimant, not property left unawarded to the claimant." *Id*. Furthermore, the court held that funds withheld from plaintiff were not an exaction because the tribe had no pre-existing right to a larger-sized grant. *Id*. at 1318-1319. This meant that the *Lummi* claim concerned money the tribe was not legally owed, and thus did not have any legal right to possess. Because the tribe did not have any right to the increased funds, the *Lummi* court held the government was not performing an illegal exaction by withholding the funds. *Id*. at 1319.

The *Lummi* tribe's effort to increase the size of its entitlement payment is not analogous to the present facts. Here the government has decreased the size of the existing Social Security payment that Mr. Peamon receives. The *Lummi* court's ruling specifically held that illegal exaction claims cannot be based on "property left unawarded to the claimant." *Id*. Here, plaintiff is not seeking unawarded Social Security benefits but rather challenges the garnishment of those benefits as illegal.[2]

Although *Lummi* does not apply, defendant's point regarding the validity of the VHA debt is well taken. One of the core requirements for an illegal exaction is that the plaintiff does not owe a valid debt to the United States. *See Bank One*, 62 Fed. Cl. at 480; *see also Lawrence*, 69 Fed. Cl. at 557; *Kipple*, 102 Fed. Cl. at 777. Because the VHA is a part of the United States government and plaintiff has not contested the validity of his debt to the VHA, he is assumed to owe a valid debt to the United States. The existence of this debt means the garnishment of plaintiff's Social Security payments, by definition, cannot be an illegal exaction.

Plaintiff's complaint therefore must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Accordingly, the following is ordered:

---

[2] In his response to the motion to dismiss, Mr. Peamon clarified that he believes the garnishment is illegal because the Social Security Administration wrongfully increased his benefits over the $13,000 threshold for garnishment. Mr. Peamon does not assert in his complaint or response that his debt to VHA is otherwise invalid or fraudulent.

1. Defendant's motion to dismiss is granted.

2. The Clerk of Court is directed to enter judgment accordingly. No costs.

s/Eric G. Bruggink<br>
Eric G. Bruggink<br>
Senior Judge